Day, J.
The right of the plaintiff below to recover is not disputed. The controversy relates to the amount of the recovery. It is conceded that the assignee neglected and refused to account for any of the trust property, as required by the condition of his bond. The statute provides that “ any person injured by the misconduct or neglect of duty of the assignee in regard to said trust, may bring an action thereon, in his own name, against the assignee and his sureties, to recover the amount to which he maybe en titled by reason of the delinquency.”
The question then is, how shall the amount be arrived at, to which the plaintiff was entitled by reason of the delinquency of the assignee. The amount of the assignors’ indebtedness greatly exceeded that of their assets; but the amount of the assets in the hands of the assignee exceeded that of all the claims which were presented to and allowed by him when he transferred all the trust property back to the assignors. This action of the assignee, it is true, was in compliance with the request of a large majority of the creditors ; but, so far as shown by the record, was not consented to by the plaintiff.
It is claimed, in behalf of the defendants below, that the plaintiff was entitled to recover so much only as he would have received if the trust property in the hands of the assignee had been distributed to all the creditors of the assignor in proportion to their respective claims. This position can be sustained only upon the assumption that an assignee is bound to distribute the assets pro rata among all the creditors, whether their claims are presented and allowed, as required by the statute, or not, and that the creditors, whose claims are so presented and allowed, acquire no rights superior to those who do not conform to the requirements of the law. This claim is untenable. In Haskins v. Alcott, 13 Ohio St. 210, it was held that the “ assignment devotes all the property covered by it to the creditors *595 presenting tbeir claims in pursuance of the statute;” that the act in relation to assignments “ regulates the administration of the assets assigned, and points out the mode in which a participation therein may, and indeed must, be sought;” and that “ if a creditor does not acquiesce, his claim and his remedies thereon still remain, save that he can not appropriate the assigned property to its payment, except in the manner and proportion therein prescribed.” This is undoubtedly a correct exposition of the statute. The creditors, then, who proved their claims, and had them allowed, pursuant to the statute, and w'ho did not release their right in the trust, were, to the extent of their respective claims, entitled to the property assigned, to the exclusion of those who did not acquiesce in the assignment, and have their claims allowed under the law, and -who had, moreover, relinquished whatever contingent right they might have had under the assignment.
The several rulings of the court below were substantially in accordance with this view of the case.

Judgment affirmed.